Thomson, P. J.
This is a proceeding in mandamus to compel the plaintiff in error, as mayor of the city of Denver, to approve an estimate issued by the board of public works of that city to the defendant in error, on account of work done under a grading contract between him and the city. So far as its allegations are concerned, the petition is the same in every respect with that in Board of Public Works v. Hayden, ante, p. 36, except that it alleges that the work was done in October, 1897, that the estimate was duly issued by the board, and that the respondent refused to approve it; and the only difference between the answer filed in this case and the answer tendered in that is one necessitated by the difference in parties and in the time of doing the work.
There is only one question in this case, and that is, was the duty of the mayor to approve the estimate mandatory, or did it involve the exercise of discretion and judgment? The answer to this question must be found in the city charter.
By sections 35 and 36 of article 3, the exclusive management and control of the construction, reconstruction and maintenance of all public and local improvements, including the grading of the streets, is vested in the board of public works. By section 1 of article 7 all contracts for public improve *53 ments are awarded by the mayor on the recommendation of the board, and the improvements are made under their direction and in accordance with specifications prescribed by them. Section 43 of the same article provides that payment for the improvements shall be made in public improvement bonds or warrants of the city, which bonds or warrants shall be issued by the city treasurer upon estimates and orders of the board approved by the mayor.
The charter gives the mayor no voice in the ordering of public improvements, or in the determination of the manner in which they shall be made, or in their management after tiie work has been awarded. The board of public works is vested with exclusive authority in all matters connected with the improvements. They furnish the specifications for the work, they direct it while it is in progress, and it is their duty to see that it is done in accordance with the specifications. They receive no advice from the mayor, and nothing is left to his judgment; they constitute the sole tribunal to pass upon the question of the fulfillment by the contractor of his undertaking; the estimate which they issue to him is their judgment that he has properly performed his work; and so far as the mayor is concerned, that judgment is final. The bonds or warrants are not issued until the estimate has been approved by the mayor; but as from the tim'e when the work is ordered until it is completed, the mayor has no discretionary authority in connection with it, we think his duty to approve the estimate of the board is purely ministerial, and that the charter makes it mandatory upon him. The court upon the petition and answer awarded a peremptory writ, and we do not think it could, legally, have done otherwise.

Affirmed.